UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ALEXIS LUCENTE, on behalf of herself and all others   :
similarly situated, and ALVIN SUMIGCAY, individually,   :   Case No. 23 Civ. 3560 (SIL)
   :
             Plaintiffs,   :
   :
      -against-   :
   :
EAD ENTERTAINMENT, LLC,   :
   :
           Defendant.   :

------------------------------------------------------------------------ X

**ORDER GRANTING PLAINTIFF'S MOTION FOR**
**PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND**
**CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of the Settlement Class ("Preliminary Approval Motion"). In support of the Preliminary Approval Motion, Plaintiff submitted a Memorandum of Law in Support of the Preliminary Approval Motion (the "Memorandum of Law"), the Declaration of Troy L. Kessler ("Kessler Declaration") and supporting exhibits. Defendant does not oppose the motion.

Based upon the Court's review of the Memorandum of Law and Kessler Declaration, the Court preliminarily approves the class action settlement memorialized in the Agreement, attached to the Kessler Declaration and conditionally certifies the Class and FLSA Collective for settlement purposes.[1] The Court appoints Kessler Matura, P.C. and Stevenson Marino L.L.P. as Class Counsel and Xpand Legal Consulting LLC as the Settlement Administrator. The Court adopts the following settlement procedure set forth in the Agreement:

---

[1] All capitalized terms are defined in the Agreement, unless indicated otherwise.

1. No later than ten days after the issuance of this Order, Defendants will provide the Settlement Administrator with the Class List, in accordance with Sections 1.3 and 2.3(A) of the Agreement.

2. Within 14 days after the Settlement Administrator receiving the Class List, the Settlement Administrator will mail the approved Notice to all NY Class Members, via First Class Mail, in accordance with Section 2.3(B) of the Agreement.

3. NY Class Members will have 60 days from the date the Class Notice is mailed to exclude themselves from or object to the settlement, except for those Class Members whose first mailing was returned as undeliverable, in which case the time to exclude themselves or object to the settlement is the longer of 60 days from the first mailing or 30 days from the second mailing, in accordance with Sections 2.4(A) and 2.5(A) of the Agreement.

4. The Court will hold a final fairness hearing on **November 7ᵗʰ, 2024 at 12:00 p.m.**, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, at Courtroom 820.

5. The hearing will be held in person.

The Court hereby authorizes Defendant to disclose the Class Members' Social Security Numbers to the Settlement Administrator for purposes consistent with the Agreement.

The NY Class Members are enjoined from filing any action against Defendant regarding those claims released in the Agreement unless and until such individuals have filed valid requests to be excluded from the settlement.

The Parties shall abide by the terms of the Agreement.

This constitutes the Decision and Order of this Court:

Dated:  Central Islip, New York          **SO ORDERED**:

       May 29, 2024

/s/ Steven I. Locke
_____
Hon. Steven I. Locke
United States Magistrate Judge

2